# Varner's Appeal.

1. A testator gave to a daughter one-third of the residue of his estate, "for her sole and separate use, and so that her husband shall not have any control over or use of the same, her heirs and assigns for ever." The husband being alive, *Held*, that this created a trust to preserve the estate for her separate use, so that its control could not be exercised by the husband.

2. No trustee being named in the will, equity would raise a trustee, to effectuate the testator's intention.

3. In distributing the estate it was the duty of the Orphans' Court to preserve the use by ordering that the fund should not be paid to the legatee, thereby enabling her to dispose of it contrary to the trust.

November — 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

[Varner's Appeal.]

Appeal from the Orphans' Court of *Allegheny county:* Of October and November Term 1875, No. 231.

The appeal in this case was from the decree of distribution of the estate of Thomas McClurg, deceased.

By his will, dated March 13th 1873, the decedent directed as follows :—

" Item, as touching all the rest and residue of my estate, real, personal and mixed, of what nature or kind soever and wheresoever the same may be at the time of my death, I give, devise and bequeath the same as follows, viz. :—

" One undivided third part thereof I give, devise and bequeath to my sister, Lizzie J. Lafferty, wife of Hugh Lafferty, for her sole and separate use, and so that the said husband shall not have any control over or use of the same, her heirs and assigns for ever. One undivided third part thereof I give, devise and bequeath to my sister Mary Ann McClurg, her heirs and assigns. * * * The remaining one undivided third part thereof, I give, devise and bequeath to my sister Matilda C. Varner, wife of Melchor Varner, for her sole and separate use, and so that her said husband shall not have any control over or use of the same, her heirs and assigns for ever.

"And I do hereby constitute and appoint my aforesaid sister, Mary Ann McClurg, sole executrix of this my last will and testament."

Upon the settlement of the account of the executrix, there was found in her hands, of the residuary estate, the sum of $19,335.24 for distribution amongst the three legatees.

Mrs. Varner and Mrs. Lafferty—their husbands being alive—claimed that they were entitled to receive their shares of the fund, without the intervention of a trustee.

The Orphans' Court decreed to each of the legatees the sum of $6445.08, and " further ordered that the shares of Mrs. Lafferty and Mrs. Varner as above, be only paid to trustees, to be hereafter appointed."

Mrs. Varner appealed to the Supreme Court, and assigned for error, the decree of the court directing that her share of the fund should not be paid to her, but to a trustee to be appointed.

*J. Dalzell, J. H. Hampton and R. Woods,* for appellants, cited Act of April 11th 1848 (Married Woman's Act), Pamph. L. 536, 2 Br. Purd.- 1005, pl. 13 *et. seq.* ; Wright *v.* Brown, 8 Wright 224; Shonk *v.* Brown, 11 P. F. Smith 320 ; Act of April 11th 1856, sect. 4, Pamph. L. 315, 2 Br. Purd. 1009, pl. 29 ; Buchanan *v.* Buchanan, 10 Wright 191.

There was no paper-book from appellee.

[Varner's Appeal.]

Judgment was entered in the Supreme Court November 18th 1875,

PER CURIAM.—It is very clear that the will of Thomas McClurg gives to Mrs. Varner an estate *for her sole and separate use*, in the residuary estate, *free from any control over or use of the same by her husband*. Her husband being alive, this created a trust in equity to preserve the estate for her separate use, so that its control could not be exercised by her husband. Though no trustee was named, equity will raise one, in order to effectuate the intention of the testator. Hence, it was the duty of the Orphans' Court, which proceeds according to the principles of equity, to preserve the use by providing that the estate should not be paid into her own hands, and thereby enable her to dispose of it contrary to the trust.

Decree affirmed with costs and appeal dismissed.